IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01989-ZLW

MANUEL S. TOVAR,

Plaintiff,

v.

WELD COUNTY SHERIFF JOHN COOKE,
JOHN DOE, COUNTY COMMISSIONERS, and
JANE DOE, COUNTY COMMISSIONERS,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 3 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Manuel S. Tovar, is in the custody of Weld County Sheriff and is currently incarcerated in the Weld County Jail. Mr. Tovar filed a letter to the Court on October 9, 2009. The Court must construe the pleading liberally because Mr. Tovar is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The October 9, 2009, pleading, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Tovar filed the document within ten days after the Order of

Dismissal and the Judgment was entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

On October 2, 2009, the Court dismissed this action because Mr. Tovar failed to cure the deficiencies identified in Magistrate Judge Boyd N. Boland's August 21, 2009, Order. Specifically, in accordance with the August 21, 2009, Order, Mr. Tovar failed to submit a certified copy of his prisoner's trust fund statement for the six-month period immediately preceding the filing.

Mr. Tovar was warned in the August 21, 2009, order, that his failure to cure the identified deficiencies within thirty days would result in the dismissal of the action without further notice. Mr. Tovar's Motion to Reconsider does not address his failure to submit a certified trust fund statement as required by the August 21, 2009, order. Instead, Mr. Tovar merely submits a new trust fund statement that is properly certified, and requests that he be allowed to proceed with the action. Mr. Tovar does not identify any reason why he was not able to provide a certified trust fund statement to the Court within the deadline set forth in the August 21, 2009, order. The Court, therefore, concludes that Mr. Tovar fails to demonstrate some reason why the Court should reconsider and vacate the October 2, 2009, Order of Dismissal. Mr. Tovar is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the letter to the Court filed on October 9, 2009, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this 23 day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01989-ZLW

Manuel S. Tovar
917 12th St. Apt 102
Greeley, CO 80631

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk